UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:05CV421 HEA |
| UNITED TRANSPORTATION UNION | ) ) ) | |
| Defendant. | ) ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1), (3), (4), (5), and (6). Plaintiff opposes the motion. After consideration of the record before the Court, and for the reasons set forth below, the Court is of the opinion that this matter should be transferred rather than dismissed at this time.

**Facts and Background**[1]

Plaintiff and United Transportation Union (UTU) Local 1409 are parties to a May 14, 2003 Agreement. According to the Complaint in this matter, during the December 2003 holiday season, a significant number of employees were laid off

---

[1] The recitation of facts is taken from the parties' pleadings and are set forth for the purpose of this motion only and is not intended to relieve either party of required proof of any fact in later proceedings.

work. On December 29, 2003, plaintiff filed suit in the United States District Court for the District of Kansas against UTU Local 1409 and one of its Local Chairpersons alleging that the Local violated the May 14 Agreement.

The District Court granted UTU's Motion to Dismiss finding that the matter was a "minor dispute" under the Railway Labor Act (RLA), and would be subject to arbitration. The District Court denied plaintiff's Motion to Reconsider which included a request to compel UTU to arbitrate. The Court held that because plaintiff had not sought arbitration in its Complaint, the Court could not compel UTU to arbitrate; plaintiff should file another suit seeking arbitration. This suit was filed in response to the District of Kansas Court Order.

Although defendant moves to dismiss this action for a number of reasons, dismissal at this time would serve no purpose. Rather, this matter should be adjudicated by the Court which is most familiar with the background and issues raised. Plaintiff does not explain why it chose to file the action in this Court when clearly the District Court of Kansas is very familiar with the matter and even directed plaintiff to file this suit. Plaintiff argues that its choice of venue should be given deference, however, it appears that plaintiff is engaged in forum shopping, particularly in light of the history of this action and the District Court of Kansas' involvement in the underlying dispute. Plaintiff chose a venue with no connection to

any of the underlying facts and circumstances, choosing instead to file its action in a court where the only basis for filing suit here was that it could under the venue statutes.

Section 1404 of Title 28 provides that the Court may transfer an action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interests of justice. Clearly transfer is justified. Although plaintiff urges that this matter may be resolved on motions for summary judgment, thereby eliminating the "convenience of the parties and witnesses" elements, there is nothing before this Court to establish that the interests of justice would not best be served by the District Court of Kansas, the Court which is intimately familiar with this case. This Court is unpersuaded that plaintiff's choice of forum requires deference in this particular case, since the original suit was filed in Kansas and the Kansas Court advised plaintiff to file this subsequent suit. Accordingly,

**IT IS HEREBY ORDERED** that this matter is transferred to the District Court of Kansas pursuant to 28 U.S.C. § 1404.

Dated this 11th day of July, 2005.

_____
   HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE