**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 05-2332-KHV |
| UNITED TRANSPORTATION UNION, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**ORDER**

Union Pacific Railroad Company brings suit against United Transportation Union to compel
arbitration under the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et al.  This matter is before the
Court on the parties' cross motions for summary judgment.  See Plaintiff's Motion For Summary
Judgment (Doc. #29) and Defendant United Transportation Union's Motion For Summary Judgment
(Doc. #32), both filed April 28, 2006.

On August 8, 2006, the Court ordered plaintiff to show cause in writing why it should not
sustain defendant's motion for summary judgment in light of plaintiff's failure to utilize arbitration
procedures set forth under 45 U.S.C. § 153.  See Order To Show Cause (Doc. #38).  The Court noted
that plaintiff had not utilized procedures available under 45 U.S.C. § 153 to arbitrate the matter
before the National Railroad Adjustment Board, or to have the National Mediation Board establish
a Public Law Board ("PLB") to hear the dispute.  See id.  The Court further found that plaintiff cited
no authority that the Court should compel arbitration under such circumstances.  See id.

In response to the show cause order, plaintiff states that under the second paragraph of
Section 153, Second, it can require defendant to form a mandatory arbitration board, known as a
PLB.  See Plaintiff's Response To This Court's August 8, 2006, Show Cause Order ("Plaintiff's

Response") (Doc. #40) filed August 14, 2006 at 1-2.  Specifically, plaintiff points to the following language of Section 153, Second:

> If written request is made upon any individual carrier by the representative of any craft or class of employees of such carrier for the establishment of a special board of adjustment to resolve disputes otherwise referable to the Adjustment Board . . or if any carrier makes such a request upon any such representative, the carrier or the representative upon whom such request is made *shall* join in an agreement establishing such a board within thirty days from the date such request is made.

45 U.S.C. § 153, Second (emphasis added).  Plaintiff asserts that the language of the statute is mandatory and that the Court should enter an order compelling arbitration because defendant has refused to join an agreement to establish a PLB.  See Plaintiff's Response (Doc. #40) at 2-3.

Section 153, Second, however, provides the following procedure when a carrier or representative refuses to join such an agreement:

> If such carrier or such representative fails to agree upon the establishment of such a board as provided herein . . . the carrier or representative making the request for the establishment of the special board may request the Mediation Board to designate a member of the special board on behalf of the carrier or representative upon whom such request was made.  Upon receipt of a request for such designation the Mediation Board shall promptly make such designation and shall select an individual associated in interest with the carrier or representative he is to represent, who, with the member appointed by the carrier or representative requesting the establishment of the special board, shall constitute the board.  Each member of the board shall be compensated by the party he is to represent.  The members of the board so designated shall determine all matters not previously agreed upon by the carrier and the representative of the employees with respect to the establishment and jurisdiction of the board.  If they are unable to agree such matters shall be determined by a neutral member of the board selected or appointed and compensated in the same manner as is hereinafter provided with respect to situations where the members of the board are unable to agree upon an award.  Such neutral member shall cease to be a member of the board when he has determined such matters.  If with respect to any dispute or group of disputes the members of the board designated by the carrier and the representative are unable to agree upon an award disposing of the dispute or group of disputes they shall by mutual agreement select a neutral person to be a member of the board for the consideration and disposition of such dispute or group of disputes.  In the event the members of the board designated by the parties are unable, within ten days after their failure to agree upon an award, to agree upon the selection of such neutral person,

2

either member of the board may request the Mediation Board to appoint such neutral person and upon receipt of such request the Mediation Board shall promptly make such appointment. The neutral person so selected or appointed shall be compensated and reimbursed for expenses by the Mediation Board. Any two members of the board shall be competent to render an award. Such awards shall be final and binding upon both parties to the dispute and if in favor of the petitioner, shall direct the other party to comply therewith on or before the day named. Compliance with such awards shall be enforcible [sic] by proceedings in the United States district courts in the same manner and subject to the same provisions that apply to proceedings for enforcement of compliance with awards of the Adjustment Board.

Id. (footnote omitted).

Plaintiff argues that the statutory process is "lengthy" and "cumbersome" and should not apply in this case. Plaintiff's Response (Doc. #40) at 4. While plaintiff cites no legal authority for its position, it appears to make some sort of equitable argument that the statutory process should not apply under the "unique facts" of this case, i.e. where defendant argued in a previous case – and the Court found – that the case was a minor dispute which was subject to mandatory arbitration under the RLA. See United Pacific Railroad Company v. Local #1409, United Transportation Union, et al., 03-2660-KHV. Under these circumstances, plaintiff contends that defendant should not have refused its request to establish a PLB and the Court should enter an order compelling defendant to arbitrate the dispute.

Plaintiff cites no authority for the proposition that the Court should bypass the arbitration procedures set forth in Section 153, Second. The Court therefore finds that defendant's motion for summary judgment should be sustained.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Summary Judgment (Doc. #29) filed April 28, 2006 be and hereby is **OVERRULED.**

**IT IS FURTHER ORDERED** that Defendant United Transportation Union's Motion For Summary Judgment (Doc. #32) filed April 28, 2006 be and hereby is **SUSTAINED.** The Clerk is

3

directed to enter judgment in favor United Transportation Union.

   Dated this 23rd day of August, 2006 at Kansas City, Kansas.

         s/ Kathryn H. Vratil
         Kathryn H. Vratil
         United States District Judge